## HOOVER v. REPLOGLE.

(Court of Appeals of District of Columbia. Submitted January 15, 1925. Decided February 2, 1925.)

### No. 1711.

**1. Patents ⇐101—Suction cleaner claims here construed not limited to "low-down" cleaner.**

Claims describing invention as "a suction cleaner casing in combination with a fan and motor, their common axes downwardly and rearwardly inclined," and as "a suction cleaner having a suction chamber, a fan chamber, and a motor arranged in the order indicated from front to rear, the common axes of fan and motor downwardly and rearwardly inclined," *held* not limited to a "low-down" cleaner, but merely recite relative arrangement of parts, which may be employed in any cleaner.

**2. Patents ⇐101—Suction cleaner, as described in claims, held one in which common axes of fan and motor are downwardly and rearwardly inclined when cleaner is in normal or upright position.**

Suction cleaner, described in claims as "a suction cleaner casing in combination with a fan and motor, their common axes downwardly and rearwardly inclined," and as "a suction cleaner having a suction chamber, and fan chamber, and a motor arranged in the order indicated from front to rear, the common axes of fan and motor downwardly and rearwardly inclined," *held* a cleaner in which the common axes of the fan and motor are downwardly and rearwardly inclined when cleaner is in its normal and upright position.

Appeal from Decision of Commissioner of Patents.

Interference proceeding between Howard Earl Hoover and Daniel B. Replogle. From a decision awarding priority of invention to the latter, the former appeals. Affirmed.

Donald M. Carter, of Chicago, Ill., and J. S. Barker, of Washington, D. C., for appellant.

D. B. Replogle, of Berkeley, Cal., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office awarding priority of invention to the senior party, Replogle.

It is the contention of appellant Hoover that Replogle has no right to make the claims, which read as follows:

"1. A suction cleaner casing, in combination with a fan and motor, their common axes downwardly and rearwardly inclined.

"2. A suction cleaner having a suction chamber, a fan chamber, and a motor arranged in the order indicated from front to rear, the common axes of fan and motor downwardly and rearwardly inclined."

[1] Hoover's contention is that his device involves a low-down construction, not present in Replogle's device, and that the common axes of the fan and motor in Replogle cannot be said to be downwardly and rearwardly inclined. As pointed out by the Law Examiner, and by the Assistant Commissioner, these claims are not limited to a "low-down" cleaner, but merely recite relative arrangement of parts which may be employed in any clearner.

[2] As to the second contention, we agree with the Law Examiner and Assistant Commissioner that the common axes of the fan and motor in Replogle's structure are downwardly and rearwardly inclined when the cleaner is in its normal or upright position.

Since the opinion of the Assistant Commissioner contains a full and satisfactory discussion of the questions involved, we adopt it and affirm the decision.

Affirmed.

Petition for rehearing denied February 21, 1925.

---

## Howard Earl HOOVER, Appellant, v. James B. KIRBY and Daniel B. REPLOGLE, Appellees.

(Court of Appeals of District of Columbia. Submitted January 15, 1925. Decided February 2, 1925.)

### No. 1712.

Donald M. Carter, of Chicago, Ill., and J. S. Barker, of Washington, D. C., for appellant.

D. B. Replogle, of Berkeley, Cal., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. This interference involves substantially the same question determined in the preceding interference, No. 1711, 4 F.(2d) 287, just decided, and was so considered by the Patent Office. For the reasons stated in the other decision, we affirm the decision here.

Affirmed.

Petition for rehearing denied February 21, 1925.